
FILED
AUGUST 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles R. Lambert , | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.  08 C 3099** |
| | ) | |
| v. | ) | Honorable Judge Pallmeyer |
| | ) | |
| | ) | Magistrate Judge Cox |
| Illinois Bell Telephone Company | ) | |
| d/b/a AT&T, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

### FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, Charles R. Lambert, by and through her attorney Charles Siedlecki & Associates, P.C., complaining of Defendant Illinois Bell telephone Company d/b/a AT&T, and states as follows:

### JURISDICTION

1.  This action is brought pursuant to The Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 et. seq., The Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. § 1988).  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

### PARTIES

2.  Plaintiff, Charles R. Lambert (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

3.  Defendant, Illinois Bell Telephone Company d/b/a AT&T  (hereinafter sometimes referred to as "Defendant"), is a registered Illinois Corporation which provides

telecommunication services within the State of Illinois. Defendant is an employer within the meaning of the Age Discrimination and Employment Act, employing more than 500 persons.

4. Defendant operates the facility located at 585 Gore road, in Morris, Illinois, where Plaintiff was employed.

**FACTS**

5. Plaintiff is male and 54 years of age. .

6. Plaintiff was hired by Defendant in October 11, 1971, and worked continuously for Defendant for 35 years.

7. Plaintiff received excellent performance reviews and was meeting the reasonable expectations of the Defendant.

8. During his 35 years with the company Plaintiff moved to a management position in September 1987 and remained in management until April 27, 2007.

9. Plaintiff's job performance consistently met the Defendant's legitimate work expectations as indicated by his annual pay raises.

10. In September 2006, Plaintiff was laterally transferred to the position of Construction Manager.

11. Plaintiff managed "line crews" who placed telephone and other communication lines for Defendant.

12. Plaintiff received no training for this position prior to being given the assignment by Area Manager - Construction William Kroupa.

13. Once placed as a Construction Manager Plaintiff was instructed by William Kroupa,

fellow managers Jack Carpenter, Eugene Duffy, Joe Gardner, Ray Karos, Samuel Lee, John Mast, Kevin McNamara, Kevin Kurtz, and Scheduling Manager John Jones how to justify using unused construction hours to off-set non-productive work time.

14. This was necessary as defendant had no formal policy in place regarding non-productive work time. This created problems for Plaintiff and other managers who had to calculate their workers time.

15. Defendant maintained a worker time tracking system which failed to take into account and accurately reflect the entire time required under given circumstance for workers to complete a given task.

16. Plaintiff requested instruction as to how to log work hours not encoded properly. Plaintiff was told to "be creative" and "you better find something and it cannot be non-productive work time". This led to inaccurate time sheets being created for workers.

17. All similarly situated managers were faced with this tracking problem and were given similar direction.

18. On April 26, 2007, Plaintiff was terminated frm his job of 35 years by Bucky Lindahl and Ms. Tallarico - Human resources on false and pretextual charges. This was not done to similarly situated younger employees.

19. Plaintiff has satisfied all administrative prerequisites to filing this suit.

## COUNT I
## VIOLATION OF ADEA

1-19. Plaintiff re-alleges paragraphs 1-19 as though fully set forth herein.

20. The Plaintiff is fifty-four (54) years-old.

21. The Plaintiff was and is qualified for the job he held.

22. The Plaintiff adequately performed all of the functions that his job entailed as he was instructed by his Manager and Associate Managers, as agents of Defendant.

23. Despite the Plaintiff's qualifications and performance he was discriminated against by the Defendant and terminated because of his age.

24. Age was a motivating factor in Plaintiff's termination.

25. The discrimination/discipline imposed upon Plaintiff by the Defendant was intentional and was not applied to similarly situated younger employees.

26. The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment on the basis of his age.

27. The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendants unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant the following relief:

a. Award compensatory damages against the Defendant in the amount of three hundred thousand dollars ($300,000.00);

b. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole;

c. Award punitive damages as allowed by law;

d. Award reasonable attorney's fees and costs of this suit;

e. Such other relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,

                                            /s/ Charles Siedlecki

Charles Siedlecki & Associates, P.C.
10540 S. Western Ave. – Suite 405
Chicago, Illinois 60643
773/881-2535